**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**CURTIS L. NORRIS,**

**Petitioner,**

**v.**                                                    **Case No.  4:14cv222-MW/CAS**

**JULIE L. JONES, Secretary,**
**Florida Department of Corrections,[1]**

**Respondent.**
_____/

## REPORT AND RECOMMENDATION TO DENY § 2254 PETITION

On April 30, 2014, Petitioner Curtis L. Norris, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF No. 1.  On that same date, Petitioner filed a motion to hold petition in abeyance until the claim presented in Ground 2 was exhausted in state court.  ECF No. 2.  By order entered July 21, 2014, this Court denied the motion and directed the Respondent to file an answer, motion, or other response to the amended § 2254 petition.  ECF No. 8.  Respondent filed an answer on

_____

[1]The Clerk of Court shall substitute Julie L. Jones, as Secretary of the Florida Department of Corrections, for Michael D. Crews.  Julie L. Jones became Secretary on January 5, 2015, and shall be automatically substituted pursuant to Federal Rule of Civil Procedure 25(d).

March 25, 2015.  ECF No. 15.  Although afforded an opportunity, Petitioner did not file a reply.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).  After careful consideration of all the issues raised, the undersigned has determined that no evidentiary hearing is required for disposition of this case.  *See* Rule 8(a), R. Gov. § 2254 Cases in U.S. Dist. Cts.  For the reasons set forth herein, the pleadings and attachments before the Court show that Petitioner is not entitled to federal habeas relief and this § 2254 petition should be denied.

## Background and Procedural History

By Information filed June 20, 2007, in case number 07-490CFA in the Second Judicial Circuit, Gadsden County, Florida, Petitioner was charged with the second-degree murder of Billy Williams by infliction of head trauma on or about December 25, 2006, in violation of section 782.04(2), Florida Statutes.  Ex. A at 1 (ECF No. 15-1 at 13).[2]  Petitioner and the victim were incarcerated at the time of the incident in the River Junction Work Camp

---

[2] Hereinafter, some citations to the state court record will be designated as "Ex. –," which will refer to lettered exhibits submitted with Respondent's answer, ECF No. 15. Due to lack of consistent pagination, some references to the state court record will be designated, either separately or in conjunction with the lettered exhibit references, by the designations ECF No. 15-1 through 15-6, referring to the electronically filed and docketed pages of Respondent's exhibits to the answer.

correctional facility in Gadsden County.  The Public Defender was initially appointed to represent Petitioner but on December 6, 2007, Zachary Ward was appointed as conflict counsel.  Ex. A at 37 (ECF No. 15-1 at 49).

Jury trial was held May 26-27, 2009, at which Petitioner testified.  Ex. D, E (ECF No. 15-2 at 21; ECF No. 15-3 at 1).  The jury found him guilty of the lesser offense of felony battery, a third-degree felony, in violation of section 784.041, Florida Statutes.  Ex. B at 89 (ECF No. 15-1 at 105; ECF No. 15-3 at 103).  Judgment was entered on May 28, 2009.  Ex. B at 91 (ECF No. 15-1 at 106).  Petitioner was sentenced to ten years in prison, with the first five years to be served as a prison releasee reoffender pursuant to section 775.082, Florida Statutes, with the sentence being consecutive to a sentence Petitioner was already serving.  Ex. B at 92-96 (ECF No. 15-1 at 108-112).  Petitioner was also declared to be a Habitual Felony Offender under the provisions of section 775.084, Florida Statutes.  Ex. B at 100 (ECF No. 15-1 at 116).  No credit for time served was awarded.

Petitioner appealed to the state First District Court of Appeal, Ex. B at 102, but prior to filing an initial brief, Petitioner filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2) on April 8, 2010, challenging the lack of a presentence Investigation report.

Ex. G (ECF No. 15-4 at 59-61).  The trial court granted the motion to

correct sentencing error, Ex. G at 141 (ECF No. 15-4 at 67), and ordered a

presentence investigation report.  The resentencing hearing was held July

22, 2010.  Ex. J (ECF No. 15-4 at 202 through ECF No. 15-5 at 1-34).  The

trial court resentenced Petitioner to the same prison terms as he was

previously sentenced, although fees and fines were waived.  Ex. G at 147

(ECF No. 15-4 at 69-78).  After resentencing pursuant to the motion to

correct sentencing error, Petitioner's appointed appellate counsel filed an

Anders brief on December 7, 2010.[3]  Ex. K (ECF No. 15-5 at 37).

Petitioner filed a motion to allow a pro se brief, ECF No. 15-5 at 49, and

leave was given but no pro se brief was filed.  The appellate court affirmed

per curiam without opinion on April 7, 2011.  Ex. L at 1 (ECF No. 15-5 at

52).  The mandate was issued on May 3, 2011.  Ex. L at 3 (ECF No. 15-5

at 54).  *See* Norris v. State, 58 So. 3d 264 (Fla. 1st DCA 2011) (table).

On July 25, 2011, Petitioner filed another motion to correct illegal

sentence, arguing that the trial court failed to grant credit for time served.

Ex. M (ECF No. 15-5 at 58).  The trial court denied the motion on the

---

[3] Anders v. California, 386 U.S. 738, 744 (1967) (holding that when appointed counsel finds the appeal to be frivolous, counsel should so advise the court after a conscientious examination of the record and reference to anything in the record that might support an appeal, and counsel may request permission to withdraw).

grounds that his sentence was consecutive to a prison sentence Petitioner was already serving.  ECF No. 15-5 at 66.  Petitioner, proceeding pro se, appealed this ruling, ECF No. 15-5 at 67, and the appellate court affirmed per curiam without opinion on February 22, 2012.  Ex. O (ECF No. 15-5 at 84).  *See* Norris v. State, 88 So. 3d 938 (Fla. 1st DCA 2011) (table).

On October 14, 2011, Petitioner filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850, alleging four grounds.[4]  Ex. Q (ECF No. 15-5 at 128-137).  An evidentiary hearing was held on claim 2—that trial counsel was ineffective in requesting that the jury be instructed on the lesser offense of felony battery.  Ex. R; EXF No. 15-5 at 140-57.  The motion for post-conviction relief was denied on February 13, 2013, ECF No. 15-5 at 110, and Petitioner's motion for rehearing was denied on March 13, 2013.  ECF No. 15-5 at 119.

Petitioner appealed, raising as error the post-conviction court's denial of relief on his claim that trial counsel was ineffective in requesting a jury

---

[4] The post-conviction claims were: (1) Counsel rendered ineffective assistance (IAC) in presenting a defense of self-defense and in requesting a jury instruction on the erroneous lesser included offense of felony battery, in violation of the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution; (2) IAC in requesting felony battery as a lesser included offense; (3) The defendant's sentence is illegal because felony battery does not qualify for PRR sentencing, thus violating Petitioner's rights under the Fifth and Fourteenth Amendments to the U.S. Constitution; and (4) Fundamental error occurred in convicting Petitioner for felony battery because the elements of the offense were not alleged in the Information.  Ex. Q.

instruction on felony battery, which contradicted the defense of self-defense and resulted in conviction of a crime not charged.  Ex. S (ECF No. 15-5 at 159-170).  The State filed an answer brief, Ex. T (ECF No. 15-5 at 173).  Petitioner filed a reply brief, Ex. U (ECF NO. 15-5 at 195), and the state district court affirmed per curiam without opinion on February 6, 2014.  Ex. V (ECF No. 15-6 at 8).  The mandate was issued on March 4, 2014.  Ex. V at 3 (ECF No. 15-6 at 10).  *See* Norris v. State, 132 So. 3d 228 (Fla. 1st DCA 2014) (table).

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on April 30, 2014.  ECF No. 1.  He raises three grounds for relief:

> (1) Trial counsel was ineffective in in requesting the jury be instructed on the lesser offense of felony battery which conflicted with the defense of self-defense.

> (2)  Petitioner was denied due process when he was sentenced as a prison release reoffender (PRR) because his conviction is not an enumerated offense for the PRR sentence enhancement, in violation of the due process clause.

> (3)  Petitioner was denied due process when he was wrongfully convicted of felony battery when the statute or elements were not listed or contained within the charging Information.

## Analysis

Pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), federal courts may grant

habeas corpus relief for persons in state custody.  Section 2254(d)

provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person
> in custody pursuant to the judgment of a State court shall not
> be granted with respect to any claim that was adjudicated on
> the merits in State court proceedings unless the adjudication of
> the claim—
>
> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in
> the State court proceeding.

28 U.S.C. § 2254(d).  *See, e.g.,* Cullen v. Pinholster, 563 U.S. 170, 181

(2011); Gill v. Mecusker, 633 F.3d 1272, 1287 (11th Cir. 2011).  "This is a

'difficult to meet' and 'highly deferential standard for evaluating state-court

rulings, which demands that state-court decisions be given the benefit of

the doubt.' "  Cullen, 563 U.S. at 181 (quoting Harrington v. Richter, 562

U.S. 86, 102 (2011), and Woodford v. Visciotti, 537 U.S. 19, 24 (2002)).

This Court's review "is limited to the record that was before the state court

that adjudicated the claim on the merits."  Cullen, 563 U.S. at 181.

"[I]t is not the province of a federal habeas court to reexamine state-

court determinations on state-law questions," and "[i]n conducting habeas

review, a federal court is limited to deciding whether a conviction violated

the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). *See also* Swarthout v. Cooke, 562 U.S. 216, 222 (2011) ("[W]e have long recognized that 'a "mere error of state law" is not a denial of due process.' " (quoting Engle v. Isaac, 456 U.S. 107, 121, n.21 (1982))).

Where federal claims are properly raised in a habeas proceeding, "[b]efore a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Title 28 U.S.C. § 2254(b).  In order for remedies to be exhausted, "the petitioner must have given the state courts a 'meaningful opportunity' to address his federal claim." Preston v. Secretary, Florida Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (quoting McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005)).  The petitioner must have apprised the state court of the federal constitutional claim, not just the underlying facts of the claim or a "somewhat similar state-law claim." Snowden v. Singletary, 135 F.3d 732, 735 (11th Cir. 1998) (quoting Anderson v. Harless, 459 U.S. 4, 5-6 (1982)).  Where a claim is unexhausted and, thus, procedurally defaulted, in order to obtain review, the petitioner must show cause for the default and prejudice resulting therefrom or a fundamental miscarriage of justice.  Tower v.

Phillips, 7 F.3d 206, 210 (11th Cir. 1993).  In order to demonstrate cause,

Petitioner must show that "an external impediment, whether it be

governmental interference or the reasonable unavailability of the factual

basis for the claim . . . prevented petitioner from raising the claim."

McCleskey v. Zant, 499 U.S. 467, 497 (1991) (quoting Murray v. Carrier,

477 U.S. 478, 488 (1986)).  In order to satisfy the miscarriage of justice

exception, the petitioner must show that "a constitutional violation has

probably resulted in the conviction of one who is actually innocent."  Schlup

v. Delo, 513 U.S. 298, 327 (1995).

For claims of ineffective assistance of counsel, the United States

Supreme Court has adopted a two-part test:

> First, the defendant must show that counsel's performance was
> deficient.  This requires showing that counsel made errors so
> serious that counsel was not functioning as the "counsel"
> guaranteed the defendant by the Sixth Amendment.  Second,
> the defendant must show that the deficient performance
> prejudiced the defense.  This requires showing that counsel's
> errors were so serious as to deprive the defendant of a fair trial,
> a trial whose result is reliable.

Strickland v. Washington, 466 U.S. 668, 687 (1984).  To demonstrate

deficient performance, a "defendant must show that counsel's performance

fell below an objective standard of reasonableness."  *Id.* at 688.  To

demonstrate prejudice, a defendant "must show that there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* For this Court's purposes, "[t]he question 'is not whether a federal court believes the state court's determination' under the <u>Strickland</u> standard 'was incorrect but whether that determination was unreasonable—a substantially higher threshold.' " <u>Knowles v. Mirzayance</u>, 556 U.S. 111, 123 (2009) (quoting <u>Schriro v. Landrigan</u>, 550 U.S. 465, 473 (2007)). "And, because the <u>Strickland</u> standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." <u>Knowles</u>, 556 U.S. at 123. It is a "doubly deferential judicial review that applies to a <u>Strickland</u> claim evaluated under the § 2254(d)(1) standard." *Id.*

## **Ground 1: IAC in Requesting Jury Instruction on Felony Battery**

In his first claim, Petitioner contends that trial counsel rendered ineffective assistance in requesting a jury instruction on felony battery which contradicted the defense of self-defense that was presented. ECF No. 1 at 5-6. He contends that if trial counsel had not requested the instruction on felony battery as a lesser offense, the jury would likely have found him not guilty of any crime. The same claim was presented in his

Rule 3.850 motion and on appeal from denial of post-conviction relief in the

state court.  The post-conviction court denied relief, stating:

### Issues 1 and 2

Although Mr. Norris argues the point differently in what he denominates as separate issues, his complaint is the same—he asserts that his lawyer should not have asked for Great Bodily Harm Felony Battery as a lesser included offense of Depraved Mind Murder.

It is true, of course, that Felony Battery is inconsistent with the theory of self-defense.  But the State was attempting to convict Mr. Norris of murder which, in his circumstances would have exposed him to a sentence of life as a habitual offender or a mandatory 30 years as a prison releasee reoffender.  The jury was not required to accept Mr. Norris's justifiable use of force defense—and it obviously did not.

I find his trial counsel's testimony credible, indeed obvious, that inclusion of Great Bodily Harm Felony Battery was a sound strategic decision.  I further find credible his testimony that Mr. Norris agreed with that strategy at trial.  Mr. Norris has failed to prove either ineffective assistance or prejudice as to issues 1 and 2.

Ex. P at 23 (ECF No. 15-5 at 112).  The appellate court affirmed.  Ex. V.

At the evidentiary hearing on Petitioner's Rule 3.850 motion, trial

counsel testified that the defense presented at trial was primarily self-

defense because the death resulted from a fight with another inmate which

Petitioner and a defense witness indicated was started by the victim.  This

conflicted with evidence from the State's witnesses that Petitioner was the

aggressor.  Trial counsel testified at the evidentiary hearing that the

defense was "kind of a mixed bag of defenses" that included the theory that

the death was a result of an unintended freak accident in a mutual fight. ECF No. 15-5 at 149-50.  Counsel testified that he requested all the lesser offenses after consultation with Petitioner about the instructions, and that Petitioner never indicated during trial that he did not want the lesser offense of felony battery to go to the jury.  ECF No. 15-5 at 151.  At the charge conference conducted during trial at which all counsel and Petitioner were present, the court inquired if the defense wanted the jury to be instructed on felony battery, to which counsel responded in the affirmative.  Ex. E at 195 (ECF No. 15-3 at 30).  Petitioner made no objection to the request.

Counsel testified at the evidentiary hearing that a jury verdict finding Petitioner guilty of a third-degree felony was a good result in light of the charged offense, which was a first-degree felony, and other lesser included offenses that were second-degree felonies.  Counsel requested the felony battery instruction to give the jury a lesser option that would not have "death points" on the sentencing scoresheet.  Ex. E. at 145-47.  He explained that he made the strategic decision to request a jury instruction on felony battery because of the concern that if Petitioner was convicted of murder, he could have received life in prison under enhanced sentencing. ECF No. 15-5 at 151-52.  Respondent contends in this § 2254 proceeding that in light of the evidence presented and the trial record, trial counsel

acted reasonably and strategically in requesting the lesser included offense of felony battery and, as the state post-conviction court found, the claim of ineffective assistance of counsel has not been proven.  ECF No. 15 at 20.

Petitioner also contends in this claim that trial counsel was deficient in requesting the felony battery instruction because it was not listed as a lesser included offense in the schedule of lesser included offenses under the jury instruction for second-degree murder.  Further, he argues, prejudice resulted because had counsel not requested the felony battery instruction, the jury would likely have exercised its "pardoning power" and found him not guilty.  ECF No. 1 at 6.  The state post-conviction court found no deficiency of counsel and that no prejudice had been shown.

Petitioner argues that in 2006, felony battery was not a listed lesser included offense, although he has presented no evidence or authority for this contention.  In amending the jury instruction for second-degree murder in 2008, the Supreme Court opinion lists felony battery as one of the lesser included offense without any indication that such was a new addition to the instruction in 2008.  Regardless of whether felony battery was listed as a lesser included offense in 2006 at the time of the offense, it was a listed category two lesser included offense of second-degree murder at the time of trial.  *See* In re Standard Jury Instructions in Criminal Cases—Report

No. 2008-05, 994 So. 2d 1038, 1041 (Fla. 2008) (mem.).  Further, section 784.041, the felony battery statute, was enacted before the 2006 offense in this case.

The initial determination of the applicable substantive law in each case should be made by the trial judge and the judge is charged with correctly instructing the jury in each case.  Matter of Use by Trial Courts of Standard Jury Instructions in Criminal Cases, 431 So. 2d 594, 598 (Fla. 1981).  In addition, Florida Rule of Criminal Procedure 3.510 provides in pertinent part that the jury may convict the defendant of any offense that as a matter of law is a lesser included offense of the offense charged in the Indictment or Information and is supported by the evidence.  Thus, a permissive lesser included offense exists, and therefore may be instructed if the evidence supports it, when 'the two offenses appear to be separate [on the face of the statutes], but the facts as alleged in the accusatory pleadings are such that the lesser [included] offense cannot help but be perpetrated once the greater offense has been." Sanders v. State, 944 So. 2d 203, 206 (Fla. 2006).

Petitioner has provided no authority holding that an instruction on a lesser offense is error if it is not listed in the schedule of lesser included offenses under the standard jury instruction for the charged offense, but

contrary authority does exist.  Even where the defense objects to the

instruction of a lesser included offense on the grounds that it is not listed on

the schedule, if the offense meets the requirements of a permissive lesser

included offense, the Florida Supreme Court has held that the instruction is

proper and the State may have the instruction.  Williams v. State, 957 So.

2d 595 (Fla. 2007).  "Although the schedule 'is presumptively correct and

complete,' . . . 'trial courts are charged with the responsibility to determine

and properly instruct the jury on the prevailing law.' "  *Id.* at 599-600

(citations omitted).  The state district courts have reached the same

holding.  In Ewing v. State, 56 So. 3d 67 (Fla. 2d DCA 2011), the trial court

had refused to instruct on a lesser offense because it was not listed as a

lesser-included offense to the standard jury instruction.  In reversing, the

appellate court explained that the Florida Supreme Court has made clear

that the published standard jury instructions are authorized but do not

foreclose the parties from requesting additional instructions.  *Id.* at 68-69.

In Benjamin v. State, 462 So. 2d 110 (Fla. 5th DCA 1985), the court also

held that an instruction on an offense as a category 2 lesser included

offense may be proper even if it is not listed if the Information alleges the

essential elements of the crime and the evidence adduced at trial supports

the offense.  *Id.* at 112.

Thus, under Florida law, even if the lesser offense is not listed in the schedule of lesser included offenses, an instruction for a lesser included offense is appropriate if the allegations of the greater offense contain all the elements of the lesser offense and the evidence at trial would support the lesser offense.  *See* Williams, 957 So. 2d at 599-600; Khianthalat v. State, 974 So. 2d 359, 361 (Fla. 2008).

In Petitioner's case, the facts alleged in the Information and the evidence presented at trial demonstrated that felony battery was a proper lesser included offense under Florida law.  The Information alleged that Petitioner caused the victim's death by inflicting head trauma.  This allegation incorporates the elements of felony battery, which are a touching or striking that causes great bodily harm.  The evidence presented at trial supported a verdict of felony battery.  Inmate Perry testified that Petitioner and the victim had been arguing about stolen "ear buds," and that when the victim was standing at his locker with a belt in one hand and a lock in the other, Petitioner approached him.  Ex. D at 79-80 (ECF No. 15-1 at 99-100).  Perry saw Petitioner begin to choke the victim from behind.  Ex. D at 80.  Perry saw the victim go limp, and he saw Petitioner lift or pull the victim up and then "start down" with the victim, who then "hit the floor" with a loud "smacking sound."  Ex. D at 81-82.  Perry saw a lot of blood begin to run

from the victim's ears.  Ex. D at 82.  Correctional officer White heard the noise as well when the victim's head hit the floor.  It was "[l]ike a boom, banging sound."  Ex. D at 92.  Inmate Copeland saw Petitioner hit the victim in the face.  After the two inmates had been separated and the victim was by his bunk, Copeland saw Petitioner holding the victim in a chokehold.  Ex. D at 102-03.  All the onlookers were telling Petitioner to release the victim, who was not trying to defend himself.  Ex. D at 103.  Copeland said that Petitioner "just stepped back and slammed [the victim's] head down to the floor" with a lot of force.  Ex. D at 104.

The defense presented former inmate Jack Strickland who said he saw the altercation.  Ex. E at 150.  He saw Petitioner holding on to the victim, and a "lock on a belt that was between the two of them."  He said, "Apparently, that had been swung.  I did not see that happen[ ], though."  Ex. E at 151.  Strickland said the two were struggling on the floor and when they got up, the victim pushed at Petitioner and Petitioner, who was behind the victim, shoved the victim back and his head hit the floor.  Ex. E at 153-54.  Strickland testified that after the injury, Petitioner was trying to help the victim.  Ex. E at 156.  Strickland admitted that Petitioner did have the victim in a chokehold, and that Petitioner slammed the victim to the floor.  Ex. E at

159-60.  He also admitted that the two were standing up when Petitioner slammed the victim to the floor.  Ex. E at 160-61.

Petitioner testified in his own defense that sometime after the initial argument about the earbuds, Petitioner was minding his own business when the victim swung a lock at him.  Ex. E at 169-73.  Petitioner said they scuffled and when the victim tried to swing the lock at him again, Petitioner shoved him and the victim hit his head.  Ex. E at 173-74.  Although the evidence was in dispute about the initial aggressor and whether the victim struck out at Petitioner, it supported a finding that Petitioner committed felony battery, a lesser included offense of second-degree murder.  The statute making felony battery a crime, section 784.041, was enacted prior to the 2006 offense, and the jury instruction for second-degree murder incorporated felony battery as a lesser offense sometime prior to Petitioner's trial, if not prior to the offense.  Florida law allows the giving of a lesser offense even if it is not a listed category 2 permissive lesser offense so long as the charged offense contains the elements of the lesser offense, and the evidence supports the conviction for the lesser offense.  Those conditions were met in this case.  For these reasons, the post-conviction court's finding that trial counsel was not deficient in requesting the felony battery instruction was reasonable.  Further, as the state court reasonably

found, trial counsel was not deficient because he made the strategic decision to request the felony battery instruction in an attempt to avoid a life sentence that could result from conviction for murder.  Because the jury was instructed as to felony battery as a lesser included offense, Petitioner was convicted of a third-degree felony, not a first or second-degree felony, which would have carried a much more severe sentence.

The state court's finding that prejudice has not been shown is also reasonable.  Nothing supports Petitioner's conclusory allegation that if felony battery had not been an option for the jury, he would have been acquitted.  Under the second prong of Strickland, to demonstrate prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  466 U.S. at 694.  The jurors rejected Petitioner's self-defense argument not because they were instructed as to felony battery, but because the evidence did not convince them that Petitioner acted in self-defense.  The probability that omitting the jury instruction for felony battery would have resulted in an acquittal is no more likely than the probability that, without the instruction, Petitioner would have been convicted of a higher offense.

Petitioner has failed to show that the state court's adjudication of this claim resulted in a decision that was contrary to or involved an unreasonable application of <u>Strickland</u> or any other clearly established federal law as determined by the Supreme Court, or that it was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  Habeas relief on Ground 1 should be denied.

### Ground 2: Due Process Violation in PRR Sentencing

Petitioner contends that the trial court erred, and deprived him of due process, by sentencing him as a prison releasee reoffender (PRR) because felony battery was not an enumerated offense for PRR sentencing under section 775.082, Florida Statutes.  ECF No. 1 at 6.  This claim was not raised in a motion to correct sentencing error but was raised in Petitioner's Rule 3.850 motion.  The post-conviction court denied the claim stating: "Mr. Norris cannot prove any basis for relief as to PRR sentencing for the Great Bodily Harm form of Felony Battery."  ECF No. 15-5 at 112.  Denial of the claim was not appealed to the state appellate court.  *See* Ex. S (ECF No. 15-5 at 159-170).

To obtain habeas relief in federal court, the federal claims must have been fairly presented in "each appropriate state court."  *See* <u>Baldwin v.</u>

Reese, 541 U.S. 27, 29 (2004).  "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  O'Sullivan, 526 U.S. at 845.  This claim was not exhausted in the state courts because Petitioner did not raise it in his appeal of denial of state post-conviction relief, thus habeas review in this court is not available.  *See* 28 U.S.C. 2254(b)(1)(A).  The claim is therefore procedurally defaulted, and Petitioner has not shown any cause for and prejudice from the default.

Respondent raises as another ground for denial of habeas relief the fact that the claim raises only an error of state law, which is not cognizable on federal habeas corpus review.  *See* Swarthout, 562 U.S. at 222.  Whether felony battery causing great bodily harm is an offense that is subject to PRR sentencing is a question of state law; and only when a state law error rises to the level of fundamental unfairness does it implicate federal constitutional due process subjecting it to federal habeas review.  *See* Osborne v. Wainwright, 720 F.2d 1237, 1238 (11th Cir. 1983).  A federal court may not review a state court's alleged failure to adhere to the

state's sentencing requirements, which is purely a state law issue.  *See* Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988).  This limitation on review of purely state law issues applies in "equal force" when a petition couches the state law issue in terms of equal protection and due process. *Id.*  The Supreme Court in Swarthout has explained, "[W]e have long recognized that 'a "mere error of state law" is not a denial of due process.' " 562 U.S. at 222 (quoting Engle, 456 U.S. at 121, n.21).  "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  Estelle, 502 U.S. at 68.

On the merits, Respondent contends that the claim should be denied because felony battery by great bodily harm was an offense properly subject to PRR sentencing under state law.  ECF No. 15 at 21-22. Petitioner was convicted of felony battery under section 784.041, Florida Statutes, which provides that a person commits felony battery if he or she (a) actually and intentionally touches or strikes another person against the will of the other, and (b) causes great bodily harm, permanent disability, or permanent disfigurement.  Section 775.082(9)(a)1.(o), Florida Statutes (2005), allows PRR enhanced sentencing for "[a]ny felony that involves the use or threat of physical force or violence against an individual."  This

provision has been held to include felony battery causing great bodily harm under section 784.041, Florida Statutes.  In Dominguez v. State, 98 So. 3d 198 (Fla. 2d DCA 2012), the court held that felony battery under section 784.041 qualifies for PRR sentencing because it "cannot be committed without the use of physical force or violence."  *Id.* at 200.  *See also* Ellington v. State, 96 So. 3d 1131, 1132 (Fla. 1st DCA 2012); Brooks v. State, 93 So. 3d 402, 403-04 (Fla. 2d DCA 2012); State v. Williams, 9 So. 3d 658, 659 (Fla. 4th DCA 2009).  Thus, regardless of any procedural default or lack of jurisdiction to review this allegation of state law sentencing error, the claim should be denied on the merits because state law allows PRR sentencing for the offense of felony battery by great bodily harm.

"By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (2)."  Harrington, 562 U.S. at 98.  Under these exceptions, federal habeas relief may be obtained only where the state court's adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, or that it was based on an unreasonable determination of the facts in light of the evidence presented.  Petitioner has

failed to meet these exceptions.  Accordingly, habeas relief habeas relief on Ground 2 should be denied.

### Ground 3: Failure to Charge Elements of Felony Battery

In his last claim, Petitioner contends that his due process rights were violated by his conviction for felony battery because the Information did not allege the elements of the offense of felony battery and did not cite the statute number for that offense.  ECF No. 1 at 7.  He argues that because the Information charged second-degree murder, it was fundamental error to convict him for felony battery.  This claim was raised as Claim IV in Petitioner's Rule 3.850 motion and was denied by the trial court, which stated:

> The Information adequately pled the elements of Great Bodily Harm Felony Battery.  The Information alleged that Mr. Norris:
>
>> On or about December 25, 2006, did unlawfully kill a human being, Billy Williams, by Trauma to the Head, said killing being perpetrated by an act imminently dangerous to another and evincing a depraved mind regardless or human life, contrary to Section 782.04(2), Florida Statute.
>
> The allegation of inflicting head trauma by depraved mind sufficient to kill is adequate to allege battery and great bodily harm.  *See, e.g.*, Florida Standard Jury Instruction 7.4 (definition of an imminently dangerous, depraved mind act).  Mr. Norris was entitled to the instruction his lawyer requested and so has demonstrated no error in Issue 4.

ECF No. 15-5 at 112-13.[5]

In his pro se appeal to the state First District Court of Appeal from denial of post-conviction relief, Petitioner alleged in general terms that the trial court abused its discretion and erred in denying claims I and II, but not claim IV, and that trial counsel was ineffective in requesting the felony battery instruction in part because the Information failed to allege that Petitioner had a prior battery conviction.  Ex. S (ECF No. 15-5 at 159-71).  Although this argument presented the claim of ineffective assistance of counsel to the state appellate court, which Petitioner alleged in Claim II of his Rule 3.850 motion and in Ground 1 of this § 2254 petition, Petitioner failed to make a meaningful presentation to the state appellate court of a federal claim that Petitioner was denied due process under the United States Constitution by his conviction for a crime not charged in the Information.  *See* ECF No. 15-5 at 169-70.

In order to obtain federal habeas review, the Petitioner must have apprised the state courts of the federal constitutional claim, not just the underlying facts of the claim or a "somewhat similar state-law claim."  Snowden, 135 F.3d at 735.  This includes fair presentation of the claim "to

---

[5] Petitioner also asserts that it was error to convict him of felony battery because it was not listed as a lesser included offense to second-degree murder.  This aspect of Ground 3 of the claim has been sufficiently discussed in Ground 1, *supra*.

each appropriate state court . . . thereby alerting that court to the federal nature of the claim." Baldwin, 541 U.S. at 29.  Petitioner's federal claim raised in this petition was not presented to the state appellate court for adjudication and is therefore unexhausted and procedurally defaulted. Petitioner has not shown any cause for and prejudice from the default.

Regardless of any procedural default, the claim should be denied on the merits.  As the post-conviction court found, the Information sufficiently pled the elements of the offense of felony battery by great bodily harm.[6]  To convict for a permissive lesser included offense, as was felony battery in this case, the accusatory pleading must allege the necessary elements of the lesser offense and there must be sufficient proof to support conviction for the lesser offense.  I.T. v. State, 694 So. 2d 720, 723-24 (Fla. 1997).  A charging document is sufficient if it provides the defendant with notice of the crimes being charged, and is not so vague, inconsistent or indefinite as to mislead the defendant or expose him to the danger of a new prosecution for the same offense.  See Brown v. State, 184 So. 518, 519 (Fla. 1938).

---

[6] Petitioner also contends that to convict for felony battery, the State must charge and prove prior convictions for battery.  This requirement applies only when the felony battery is based on reclassification of simple battery to felony battery due to prior battery convictions under section 784.03(2), Florida Statutes (2006).  Petitioner was not convicted of that form of felony battery, but was convicted of felony battery by great bodily harm in violation of section 784.041, Florida Statutes.

Section 784.041, Florida Statutes, provides that a person commits felony battery if he or she (a) actually and intentionally touches or strikes another person against the will of the other, and (b) causes great bodily harm, permanent disability, or permanent disfigurement. The Information in this case alleged that Petitioner inflicted head trauma on the victim resulting in his death. These allegations sufficiently alleged a touching that resulted in great bodily harm, as is required to prove felony battery under section 784.041. Sufficient evidence was presented that the elements of felony battery occurred. Evidence was presented that during a scuffle, when Petitioner had the victim in a choke hold, the victim went limp and Petitioner slammed him to the concrete floor where he hit his head with great force, resulting in fatal closed-head trauma. Ex. D at 33, 80-82; Ex. E at 103-04, 159-61. As noted in Ground 1 above, Florida Rule of Criminal Procedure 3.510 provides in pertinent part that the jury may convict the defendant of any offense that as a matter of law is a lesser included offense of the offense charged in the Indictment or Information and is supported by the evidence. That rule applies and was followed in this case. Petitioner has failed to demonstrate any violation of due process by his conviction for the lesser included offense of felony battery by great bodily harm.

Under the requirements of 28 U.S.C. § 2254(d), Petitioner has failed to demonstrate that the adjudication of this claim by the state court resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, or that it was based on an unreasonable determination of the facts in light of the evidence presented. Accordingly, habeas relief habeas relief on Ground 3 should be denied.

## Conclusion

Based on the foregoing, Petitioner Curtis L. Norris is not entitled to federal habeas relief. Accordingly, the § 2254 petition (ECF No. 1) should be denied.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C.

§ 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  The parties shall make any argument as to whether a certificate should issue by objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied.  *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## <u>Recommendation</u>

It is therefore respectfully **RECOMMENDED** that the Court **DENY** the § 2254 petition (ECF No. 1).  It is further **RECOMMENDED** that a certificate

of appealability be **DENIED** and that leave to appeal in forma pauperis be

**DENIED**.

   **IN CHAMBERS** at Tallahassee, Florida, on December 1, 2016.


                    S/ Charles A. Stampelos
                    CHARLES A. STAMPELOS
                    UNITED STATES MAGISTRATE JUDGE

                 **NOTICE TO THE PARTIES**

   **Within fourteen (14) days after being served with a copy of this
Report and Recommendation, a party may serve and file specific
written objections to these proposed findings and recommendations.
Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon
all other parties.  A party may respond to another party's objections
within fourteen (14) days after being served with a copy thereof.  Fed.
R. Civ. P. 72(b)(2).  Any different deadline that may appear on the
electronic docket is for the Court's internal use only and does not
control.  If a party fails to object to the magistrate judge's findings or
recommendations as to any particular claim or issue contained in a
Report and Recommendation, that party waives the right to challenge
on appeal the district court's order based on the unobjected-to factual
and legal conclusions.  See 11th Cir. R. 3-1; 28 U.S.C. § 636.**